# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SIMS JINKS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INDYMAC MORTGAGE SERVICES, A ) <br> DIVISION OF ONEWEST BANK, FSB; ) <br> ONEWEST BANK, FSB; ) <br> AND MORTGAGE ELECTRONIC ) <br> REGISTRATION SYSTEM, INC., ) <br> ) <br> Defendants. ) | **Civil Action File No.** <br> **1:12-cv-2607-CAP** |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANTS ONEWEST BANK, FSB AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND INCORPORATED MEMORANDUM OF LAW

Defendants OneWest Bank, FSB[1] ("OneWest") and Mortgage Electronic Registration Systems, Inc. ("MERS") (together, "Defendants"), pursuant to Fed. R.

---

[1] As explained in Defendants' Notice of Removal (Doc. 1), Plaintiff names "IndyMac Mortgage Services, a Division of OneWest Bank, FSB" in this action. IndyMac Mortgage Services, however, is a division of OneWest Bank, FSB and is not a separate legal entity capable of being sued. Thus, Defendants' respectfully request the Court dismiss IndyMac Mortgage Services as a party to this action.

2021737 v2

Civ. P. 12(b)(6), hereby move the Court for an Order dismissing the Complaint of Plaintiffs Sims Jinks with prejudice. In support, Defendants state as follows:

## I. INTRODUCTION

Plaintiff Sims Jinks ("Plaintiff") has failed to articulate any basis for liability against Defendants OneWest and MERS. Plaintiff's Complaint is a quintessential shotgun pleading and fails to comply with the Federal Rules' pleading requirements. It also wholly fails to state any claims upon which relief can be granted. Thus, because Plaintiff has failed to assert any cognizable claim for relief, the Court should dismiss Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6).

## II. BACKGROUND

Plaintiff's claims appear to arise out of the alleged foreclosure on his property located as 3913 Cougar Court in Ellenwood, Georgia. (*See* Compl., Doc. 1-1, ¶ 15). In support of his claims, Plaintiff alleges that he executed a Note and Security Deed in favor of "Accredit Home Lenders, Inc." and "Mortgage Electronic Registration Systems, Inc. "MERS", solely as nominee for Accredit Home Lenders, Inc." (*Id.*, ¶¶ 11, 15, 18, 22).

Importantly, however, Plaintiff's Complaint misrepresents or misstates nearly every fact pertaining to the Note and Security Deed related to his property.

2021737 v2

Plaintiff also misstates the very nature of the pleading he has filed before the Court. By way of example, Plaintiff's Complaint contains, among others, the following incorrect allegations:

- Plaintiff alleges that "[a]s evidence [sic] by the Initial Communication Letter, Defendant's action is to recover an alleged amount of indebtedness in the full amount." (Compl., Doc. 1-1, ¶ 2). But Plaintiff has not attached any such "Initial Communication Letter," nor has he alleged what such letter states. Additionally, this lawsuit was filed by Plaintiff, not Defendants, and Defendants are aware of no "action" filed to recover any amount of debt owed by Plaintiff related to the property or Security Deed at issue in this case.

- Plaintiff alleges that "Defendants in the action, failed to produce an authenticated instrument, contract or rightful possession of an instrument, which established ownership prior to the foreclosure sale. . . ." (*Id.*, ¶ 5). Again, Defendants are not the parties who filed this action. Nor, as explained more fully below, has any foreclosure sale of the subject property taken place.

- Plaintiff alleges that Defendants have "failed to state a claim upon which relief can be grant [sic] and failed to join parties . . ." (*Id.*, ¶ 6). But again, Defendants have filed no affirmative claims against Plaintiff to which this statement could possibly apply.

- Plaintiff states that he "submits an Affidavit of Denial" which serves as the "Counter Affidavit to the Dispossessory Warrant." (*Id.*, ¶ 7). Yet Plaintiff has not submitted any such "Affidavit of Denial" *or* any "Dispossessory Warrant" with his Complaint, and Defendants are unaware of the existence of such documents.

- Plaintiff states that he "tender [sic] this Motion to Dismiss for failure to state a claim in which relief may be granted . . . against any and all claims by the Defendants." (*Id.*, ¶ 9). Again, Defendants have filed no affirmative claims against Plaintiff. The sole document filed by

> Plaintiff in this action is his Complaint, which is merely a complaint and could not possibly be construed as a motion to dismiss.

- Plaintiff alleges that he executed a promissory note with Accredited Home Lenders, Inc. ("Accredited"), and executed a Security Deed with MERS, solely as nominee for Accredited, related to property located at 3913 Cougar Court, Ellenwood, Georgia 30294, on May 11, 2006. (*Id.*, ¶¶ 12, 15, 18, 22, 40). Importantly, however, the only Note and Security Deed related to the subject property clearly show that the lender was IndyMac Bank, F.S.B. -- not Accredited -- and that the Security Deed was dated August 29, 2007. (*See* Note and Security Deed, Ex. A).[2]

- Plaintiff alleges that the "non uniform covenants in security deed 1 and security deed 2 are materially different." (*Id.*, ¶ 20). Yet Plaintiff makes no allegation anywhere in his Complaint that a second security deed exists with respect to the subject property, nor does he provide any facts from which one could possibly conclude that a second security deed exists.

- Plaintiff contends that "Paragraph 18 of Security Deed as a deed passing title not as mortgage." (*Id.*, ¶ 17). Setting aside the fact that this allegation simply does not make sense, Paragraph 18 of Plaintiff's Security Deed makes no reference to a "deed passing title." (*See* Ex. A).

---

[2] When considering a Rule 12(b)(6) motion to dismiss, the Court must generally limit its consideration to the four corners of the pleading. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The Court may, however, consider documents that are not attached to the Complaint if they are referenced in the Complaint, central to Plaintiff's claims, and their contents are not in dispute. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284-85 (11th Cir. 2007). Critically for this Court's consideration of the present Motion, when documents contradict the general and conclusory allegations of the Complaint, the documents govern. *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009).

Given the numerous inaccurate and inapplicable allegations woven throughout Plaintiff's Complaint, one can only conclude that Plaintiff must have taken a canned complaint from some outside source and improperly used it to create his own Complaint. Indeed, Plaintiff's Complaint is nothing more than an impermissible shotgun pleading.

Moreover, Plaintiff's Complaint wholly fails to satisfy the pleading requirements of Fed. R. Civ. P. 8, as it contains nothing more than vague and irrelevant allegations completely unsupportive of his purported claims. And even if Plaintiff's Complaint could clear the pleading hurdle set by Rule 8, it nonetheless fails to state any claim upon which relief can be granted. Thus, because the claims set forth in Plaintiff's Complaint are wholly without factual support, the Court should dismiss the Complaint in its entirety pursuant to Rule 12(b)(6).

### III.   ARGUMENT AND CITATION OF AUTHORITY

#### A.   The Complaint Is a Canned Shotgun Pleading That the Court Should Dismiss.

The Complaint in this case is a canned shotgun pleading; as such, it cannot satisfy the pleading requirements of the Federal Rules of Civil Procedure. The Eleventh Circuit has condemned shotgun pleadings "upwards of fifty times." *See, e.g., Davis v. Coca-Cola Bottling Co.,* 516 F.3d 955, 979 n.54 (11th Cir. 2008). The Eleventh Circuit has described a "typical shotgun complaint" as one that

"contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund* v. *Spear, Leeds & Kellogg,* 305 F.3d 1293, 1295 n.9 (11th Cir. 2002). The defining characteristic of a shotgun complaint is that it fails "to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." *Beckwith* v. *Bellsouth Telecomms., Inc.,* 146 F. App'x 368, 371 (11th Cir. 2005). Moreover, if "any allegations that are material are buried beneath innumerable pages of rambling irrelevancies," the complaint is a shotgun complaint. *Magluta* v. *Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001).

That is an apt description of the Complaint here, where all of the allegations are conclusory and contain no facts supporting them. Allegations that Defendants "acted in bad faith in foreclosing on Plaintiff's property" (Compl., Doc. 1-1, ¶ 31), and "acted recklessly in dealing with the Plaintiff," *(id.* at ¶ 69), for example, are meaningless without corresponding facts that support these grossly generalized conclusions. Even if the Complaint contains some scant factual allegations, they are buried under pages of rambling irrelevancies and bald misrepresentations of fact. As such, Plaintiff's Complaint is subject to dismissal as a shotgun pleading.

Additionally, the Complaint fails to meaningfully distinguish among the purported defendants.[3] (*See* Compl., Doc. 1-1, ¶¶ 2, 5-9, 33-38, 69-73). Like complaints that combine a hodgepodge of factual allegations and legal conclusions in multiple counts, complaints that "mak[e] no distinction among the [many] defendants charged, though geographic and temporal realities make plain that all of these defendants could not have participated in every act complained of" also are shotgun pleadings and do not comply with federal pleading requirements. *See Magulta* v. *Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001). In most instances here, Plaintiff makes no effort to differentiate among the defendants in alleging the conduct that forms the basis for his claims. To the contrary, Plaintiff alleges throughout his Complaint that the undifferentiated "Defendants" engaged in the activities that he contends are a basis for liability. Thus, for this additional reason, Plaintiff's Complaint is subject to dismissal as a shotgun pleading.

---

[3] It is even unclear how many defendants Plaintiff seeks relief against as there are five defendants listed in the caption of Plaintiff's Complaint, but only four defendants listed on the page titled "Parties" at the end of Plaintiff's Complaint. (*See* Compl., Doc. 1-1, p. 18). Moreover, the body of the Complaint only specifically references three Defendants, and never identifies the entities against whom Plaintiff ultimately seeks relief.

### B. The Complaint Fails to State a Claim upon which Relief Can Be Granted, Making It Ripe for Dismissal Pursuant to Rule 12(b)(6).

*1. The Complaint fails to comply with the Federal Rules' permissive pleading requirements.*

Plaintiff's allegations are so vague and incomplete as to make wholly unclear the laws or theories pursuant to which he seeks relief. Such scattershot allegations cannot state a claim, as a matter of law, even under the permissive pleading standards of the Federal Rules of Civil Procedure. *See Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 555 (2007). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft* v. *Iqbal,* 129 S. Ct. 1937, 1950 (May 18, 2009). Under *Twombly* and *Iqbal,* Plaintiff is required to plead facts to support a reasonable inference that there has been a violation. *Iqbal,* 129 S. Ct. at 1949; *Twombly,* 550 U.S. at 570. Simply concluding that Defendants harmed Plaintiff completely fails to meet minimum pleading standards. *See Iqbal, 129* S. Ct. at 1949.

Further, although the Court accepts the truth of the facts alleged in the complaint when considering a motion to dismiss, *see Linder* v. *Portocarrero,* 963 F .2d 332, 334 (11th Cir. 1992), the Court does not accord such deference to allegations of opinion and legal conclusions. *See South Fla. Water Mgmt. Dist.* v.

*Montalvo,* 84 F.3d 402, 408 n.10 (11th Cir. 1996). And while Defendants recognize that this matter was filed by Plaintiff *pro se* and complaints filed by *pro se* litigants admittedly must be liberally construed, the Court may not "serve as de facto counsel…or…rewrite an otherwise deficient pleading in order to sustain an action." *Appleton v. Intergraph Corp.*, 627 F. Supp. 2d 1342, 1348 (M.D. Ga. 2008) (quoting *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1370 (11th Cir. 1998). Rather, *pro se* litigations are required to comply with minimum procedural rules that govern pleadings. *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005).

Thus, to properly state a claim, Plaintiff must allege a factual basis for each element of each claim he asserts, setting forth "enough factual matter (taken as true) to suggest [each] required element." *See Watts* v. *Fla. Intern. Univ.,* 495 F .3d 1289, 1295 (11th Cir. 2007). To state a claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly, supra.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard ... asks for more than a sheer possibility that the defendant has acted unlawfully.

2021737 v2

*Iqbal, supra,* at 1949 (internal quotations and citations omitted).

Applying these principles, the Court should dismiss the Complaint against Defendants because Plaintiff has not alleged sufficient facts to "nudge[] [his] claims ... across the line from conceivable to plausible." *Id.* at 1951. Here, Plaintiff simply fails to allege sufficient facts regarding Defendants in support of his legal theories.

Because Plaintiff does nothing more than conclude that Defendants' actions have somehow harmed him, his claims against Defendants fail as a matter of law. Thus, these claims should be dismissed outright for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

> 2. *To the extent that any legal theories can be discerned from Plaintiff's Complaint, those theories fail as a matter of law.*

Plaintiff's Complaint, as noted above, is a confusing jumble of allegations and theories. To the extent that any legal theories against Defendants can be discerned from the Complaint, however, those theories fail as a matter of law.

> (a) *Plaintiff's claim to set aside the foreclosure fails as a matter of law.*

Plaintiff's first cause of action asks the Court to "set aside the foreclosure sale" of his property. (Compl., Doc. 1-1, p. 8). Tellingly, however, the Complaint lacks any facts whatsoever about the alleged foreclosure action. Plaintiff fails to

provide any information regarding when or where the alleged foreclosure sale took place. Nor does he make any allegation regarding the process employed by Defendants to institute such alleged foreclosure proceedings. And the reason for Plaintiff's lack of factual allegations in this regard is simple: no foreclosure sale has taken place with respect to Plaintiff's property. Thus, Plaintiff's claim to set aside the purported foreclosure must be dismissed as matter of law.

Even if Plaintiff had alleged sufficient facts to support his claim that a foreclosure sale has taken place -- which he has not -- Plaintiff's claim to set aside the foreclosure sale would still fail as a matter of law. This is because "[t]o seek any relief regarding a pending or past foreclosure sale, plaintiff must tender the amount owed under the loan." *Morton v. Suntrust Mortg., Inc.*, 1:10-CV-2594-TWT, 2010 WL 5055822, at *7 (N.D. Ga. Nov. 5, 2010) *report and recommendation adopted*, 1:10-CV-2594-TWT, 2010 WL 5055813 (N.D. Ga. Dec. 6, 2010) (internal citation omitted). Indeed, Georgia law is clear that "[b]efore one who has given a deed to secure debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed, and injunction to prevent interference with the debtor's possession of the property . . ., he must pay or tender to the creditor the amount of principal and interest due." *Hill v. Filsoof*, 618 S.E.2d 12, 14 (Ga. Ct. App. 2005); *see Jackman v. Hasty*, 1:10-CV-2485- RWS, 2011 WL

854878, at *1 (N.D. Ga. Mar. 8, 2011) (denying plaintiff's request for a temporary injunction to set aside a prior foreclosure sale and stop a pending dispossessory action because plaintiff had made no offer to tender any security for the amount she admittedly owed); *Nicholson v. OneWest Bank*, Civil Action File No. 1:10-CV-07950-JEC/AJB, 2010 WL 2732325, at *5 (N.D. Ga. Apr. 20, 2010) ("Under Georgia law, a borrower who has executed a deed to secure debt is not entitled to enjoin a foreclosure sale unless he first pays or tenders to the lender the amount admittedly due."); *Mitchell v. Interbay Funding, LLC*, 630 S.E.2d 909, 911 n.4 (Ga. Ct. App. 2006) ("before [a] borrower may have [a] foreclosure sale set aside, [the] borrower must pay or tender to the creditor the principal and interest he admits to be due") (internal citation and quotation omitted). Moreover, the required tender "cannot be conditioned on the cancellation of the lien" and "[n]either fraud nor poverty constitute an equitable excuse for failure to tender." *Hill*, 618 S.E.2d at 14.

Here, Plaintiff fails to make any allegation in the Complaint that he ever tendered the amount of principal and interest owed on his mortgage prior to bringing suit. Nor does Plaintiff now offer to pay that amount into the Court's registry. Accordingly, Plaintiff lacks standing to assert any claim to set aside the alleged foreclosure sale, and such claim should be dismissed in its entirety.

2021737 v2

> (b) *Plaintiff's wrongful foreclosure claim fails as a matter of law.*

Plaintiff's claim for wrongful foreclosure likewise fails. As explained above, Plaintiff's claim must fail initially because no foreclosure sale has taken place with respect to his property. In addition, even if a foreclosure sale had taken place, Plaintiff lacks standing to assert his claim because he has failed to tender the amount due under his loan as required before any claim for wrongful foreclosure may be pursued. *See Morton*, 2010 WL 5055822, at *7 ("To the extent plaintiff attempts to allege wrongful foreclosure by arguing that SunTrust exceeded its authority by foreclosing on his property, this claim is likewise due to be dismissed. . . . Plaintiff has made no showing that he tendered the full amount or that he is willing to tender the full amount owed under the loan.") (internal citations omitted)). Thus, for these reasons alone, Plaintiff's wrongful foreclosure claim is due to be dismissed with prejudice.

To the extent the Court construes Plaintiff's claim as one for "attempted" wrongful foreclosure, such claim is also subject to dismissal. "In Georgia, a claim for attempted wrongful foreclosure only exists when a foreclosure action was commenced, but not completed, and where the plaintiffs have demonstrated that the defendant 'knowingly published an untrue and derogatory statement concerning the plaintiffs' financial conditions and that damages were sustained as a direct

result.'" *Austin v. Bank of Am., N.A.*, 1:11-CV-3346-RWS, 2012 WL 928732, at *1 (N.D. Ga. Mar. 16, 2012) (quoting *Sale City Peanut & Milling Co. v. Planters & Citizens Bank,* 130 S.E.2d 518, 520 (Ga. Ct. App. 1963)). Here, Plaintiff makes only the bald allegation that "Defendants falsely advertised the sale of certain real property." (Compl., Doc. 1-1, ¶ 36). He makes no allegation that any defamatory statements were published about his financial condition, or that he incurred damages as a result of such defamatory statements. Thus, Plaintiff's claim for wrongful foreclosure is due to be dismissed for failure to state a claim. *See Austin,* 2012 WL 928732, at *1 (dismissing plaintiffs' wrongful foreclosure claim where no foreclosure sale had taken place and plaintiffs failed to allege that any defamatory publication had been made as required for a claim of attempted wrongful foreclosure); *Roper v. Bank of Am., N.A.*, 1:11-CV-3412-RWS, 2012 WL 1134805, at *2 (N.D. Ga. Apr. 4, 2012) (same).

>    (c)   Plaintiff's "Breach of Covenant or Agreement" claim fails as a matter of law.

Plaintiff's final, and most unclear, cause of action is for "breach of covenant or agreement." (Compl., Doc. 1-1, p. 10). Based on the disjointed allegations set forth in support of this cause of action, Defendants are unsure whether Plaintiff seeks damages for breach of contract or for breach of the covenant of good faith

2021737 v2

and fair dealing. Regardless of which cause of action Plaintiff intends to raise, his claim is due to be dismissed as a matter of law.

To the extent Plaintiff is alleging a breach of contract claim, such claim fails because there is simply no allegation that Defendants breached any contract with Plaintiff. Indeed, the only contractual allegation Plaintiff makes is that he "executed the Security Deed on May 11, 2006." (Compl., Doc. 1-1, ¶ 40). Yet the only Security Deed existing with respect to Plaintiff's property was executed on August 29, 2007. (*See* Ex. A). And Plaintiff has not, as required by Georgia law, made any allegation that Defendants breached the purported Security Deed, or that such breach resulted in damages to Plaintiff. *See Kuritzky v. Emory Univ.*, 669 S.E.2d 179, 181 (Ga. Ct. App. 2008) ("The elements for breach of contract claim in Georgia are the (1) breach and (2) the resultant damages (3) to the party who has the right to complain about the contract being broken."). Thus, Plaintiff's purported breach of contract claim is due to be dismissed as a matter of law.

Additionally, to the extent Plaintiff is alleging a breach of the covenant of good faith and fair dealing, a claim on that basis fails because there is no such claim outside of a claim for breach of contract. *See Cheryl Stone Trust ex rel. Stone v. BAC Home Loans Servicing, LP*, Civil Action No. 1:11-cv-0494-RWS, 2011 WL 2214672, at *2 (N.D. Ga. June 7, 2011); *see also ServiceMaster Co., L.P. v.*

*Martin*, 556 S.E.2d 517, 521 (Ga. Ct. App. 2001) ("A plaintiff in a breach of contract case has a tort claim only where, in addition to breaching the contract, the defendant also breaches an independent duty imposed by law.") (footnote and citations omitted). Indeed, "[b]oth the Eleventh Circuit Court of Appeals and the Georgia Court of Appeals examined whether the covenant of good faith and [fair] dealing provides an independent cause of action which could be asserted separately from a breach of contract claim and held that Georgia law does not recognize an independent cause of action based on the covenant." *Garrett v. Unum Life Ins. Co. of Am.*, 427 F. Supp. 2d 1158, 1162 (M.D. Ga. 2005). Thus, because it cannot succeed as an independent cause of action, Plaintiff's purported claim for breach of the covenant of good faith and fair dealing fails as a matter of law.

Accordingly, Plaintiff's "breach of covenant or agreement" claim is due to be dismissed in its entirety.

## IV. CONCLUSION

Plaintiff's Complaint is a scattershot collection of generalized allegations that wholly fails to allege facts supporting Plaintiff's purported claims. Thus, because it fails to state a claim upon which relief may be granted, Plaintiff's Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

s/ John Michael Kearns
John Michael Kearns
Georgia Bar No. 142438
jkearns@burr.com
Burr & Forman LLP
171 Seventeenth Street, Suite 1100
Atlanta, Georgia 30363
(404) 815-3000

Attorneys for Defendants
OneWest Bank, FSB and
Mortgage Electronic Registration Systems, Inc.

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANTS ONEWEST BANK, FSB AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND INCORPORATED MEMORANDUM OF LAW** has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1B.

>   s/ John Michael Kearns
>   John Michael Kearns
>   Georgia Bar No. 142438
>   jkearns@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of August, 2012, I presented **MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANTS ONEWEST BANK, FSB AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND INCORPORATED MEMORANDUM OF LAW** to the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record.

I further hereby certify that I have mailed by U.S. Mail the document to the following non-CM/ECF participants:

>Sims Jinks
>3913 Cougar Court
>Ellenwood, Georgia 30294

>s/ John Michael Kearns
>John Michael Kearns
>Georgia Bar No. 142438
>jkearns@burr.com

2021737 v3